UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80188-CIV-HURLEY

**REGIONS BANK, an Alabama banking
corporation, successor by merger to
AMSOUTH BANK,**
    **plaintiff**

vs.
**OLD JUPITER, LLC, a Florida limited
liability company and DILIP BAROT,**
    **defendants.**
_____/

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

This is an action for breach of a promissory note and guaranty agreement. The case is currently before the court upon the plaintiff's motion for summary judgment [DE# 9]. For reasons which follow, the court shall grant the motion and enter final summary judgment in favor of the plaintiff.

**I.  Fact Background**[1]

Plaintiff Regions Bank ("the Bank" or "Lender") loaned $3,000,000.00 to Old Jupiter, LLC ("Old Jupiter" or "borrower"), evidenced by a loan agreement and promissory note dated July 8, 2008. The loan was secured by a mortgage on real property owned by Old Jupiter in Palm Beach County, Florida, and a personal guaranty executed by Dilip Barot ("Barot" or "guarantor") in favor of the Bank. Under the express terms of the note, the loan was scheduled to mature on July 7, 2009.

---

[1] The material recited facts, drawn from the parties' Local Rule 7.5 statements and other record evidence on file, are either undisputed or taken in the light most favorable to the defendants, unless otherwise noted.

1

However, by letter agreement dated June 25, 2009 between the Bank and Old Jupiter, the parties agreed to extend the maturity date for an additional three months, up through October 7, 2009.

Old Jupiter ultimately failed to make several mortgage payments as required by the note. After issuing notice of default and providing an opportunity to cure, the Bank filed this lawsuit. As affirmative defense to the Bank's claims, the borrower and guarantor allege that the Bank fraudulently induced them to execute the loan documents. The fraudulent inducement claim is based on two sets of purported representations made by the Bank officer processing the loan: (1) First, prior to closing on the loan, the officer allegedly represented that the loan would mature in three years; (2) Second, at the time of closing and "continuing thereafter," the officer allegedly represented that, despite the one year maturity date recited in the note, the Bank would, as a matter of course, renew the loan for an additional year when the original one year term expired.

In addition, the borrower and guarantor allege that the Bank is estopped from calling a breach because of the purported misrepresentations regarding renewal of the loan made by the Bank officer before, during and after the date of closing, and because the bank officer again promised to extend the maturity date of the note before expiration of the extended October 7, 2009 deadline. According to the defendants, they relied on these misrepresentations to their detriment by foregoing an opportunity to explore alternative financing options.

Based on these same alleged misrepresentations, borrower and guarantor further assert that the Bank is barred by the equitable doctrine of unclean hands from seeking to enforce the note and guaranty.

Further, borrower and guarantor assert that they are entitled to a set off for damages proximately caused by the Bank's alleged misrepresentations and for the Bank's failure to mitigate

its damages.

In the instant proceeding, the Bank seeks entry of summary judgment as a matter of law in its favor on each of the defendants' affirmative defenses. First, it argues that all affirmative defenses are barred by a waiver contained in the June 25, 2009 loan extension document. Next, it claims that the intertwined defenses of estoppel, unclean hands and fraudulent inducement are barred by application of Florida's parol evidence rule. Finally, it contends that there is no factual predicate to sustain the affirmative defenses of failure to mitigate damages or set-off.

On the defense, borrower and guarantor support their defenses with the affidavit of Mr. Barot outlining the series of misrepresentations alleged in their answer, as well as the corroborating affidavit of Mr. Douglas Gintzler, the Regions Bank representative who originally handled the loan processing on behalf of the Bank. Mr. Gintzler avers that he told Mr. Barot, before the loan agreement was executed, that the term of loan was renewable, and that if there were any issues with renewal for the same term as the original loan, it would be "termed out," meaning that it would be amortized out over a longer period of time, with an applicable interest rate, principal payments and balloon payment at the end of the amortized period. According to Mr. Gintzler, "there was never an issue as to whether the loan would be renewed; it was simply a matter of the length and terms of renewal." He avers that these representations were made at direction of senior management, including his superior, Stephen Miller, who allegedly made similar statements to Mr. Barot in the presence of Mr. Gintzler.

## II. Standard for Summary Judgment.

Summary judgment is appropriate if the pleadings, depositions and affidavits, viewed in the light most favorable to the non-moving party, demonstrate that there is no genuine issue of material

3

fact and that the moving party is entitled to judgment as a matter of law. *Swain v Hillsborough County School Board*, 146 F.3d 855 (11th Cir. 1998). To defeat a motion for summary judgment, the nonmoving party may not rely on 'mere allegations,' but must raise 'significant probative evidence' that would be sufficient for a jury to find for that party. *LaChance v Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998).

Summary judgment is appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Williams v Vitro Services Corp.*, 144 F.3d 1438, 1441 (11th Cir. 1998). Summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Shiver v Chertoff*, 549 F.3d 1342, 1343-44 (11th Cir. 2008). Thus, in this proceeding, the defendants have the burden of proof in establishing the elements of each asserted affirmative defense. *See Tello v Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1292 (11th Cir. 2005).

### III. Discussion

#### A. Fraudulent Inducement Defense

#### 1. Contemporaneous and Pre-Contract Representations

The Bank first argues that the borrower and guarantor's fraud-based claims hinge upon alleged oral, pre-closing statements about loan terms different from those expressed in the written loan agreement and promissory note. As such, it contends these allegations cannot sustain a fraudulent inducement defense because evidence of alleged oral misrepresentations made before or at the time of execution of a contract are barred by Florida's parol evidence rule. Further, it argues that the plain language of the note, which specifies a one year maturity date, precludes any argument

that the borrower or guarantor reasonably relied upon any alleged prior inconsistent statements made by a representative of the Bank.

Under the Florida parol evidence rule, evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract. *Johnson Enterprises of Jacksonville, Inc. v FPL Group, Inc.,* 162 F.3d 1290 (11th Cir. 1998). Florida recognizes a "fraudulent inducement' exception to this rule, allowing admission of an oral misrepresentation that allegedly induced the execution of a written contract , even though that statement may vary, change or reform the instrument. *Id.*, citing *Mallard v Ewing*, 121 Fla. 654, 164 So.2d 674  (1935). *Nagelbush v United Postal Savings Ass'n,* 504 So.2d 782 (Fla. 3d DCA 1987)(allowing evidence regarding alleged secret  understanding between holder and one set of cosigners of note where claimed secret deal allegedly induced other set of cosigner to enter agreement).

However,  the "fraudulent inducement" exception to the parol evidence rule is not applicable where the alleged oral agreement relates to the identical subject matter embodied in the written agreement, and directly  contradicts the express terms of  that agreement.  *Ungerledier v Gordon*, 214 F.3d 1279 (11th Cir. (Fla.) 2000), citing *Linear Corp. v Standard Hardware Co.*, 423 So.2d 966 (Fla. 1st DCA 1982); *Sunset Pointe at Silver Lakes Associates, Ltd.  v Vargas*, 881 So.2d 12 (Fla. 4th DCA 2004); *Advanced Marketing Systems Corp.  v ZK  Yacht  Sales*, 830 So.2d 924 (Fla. 4th DCA 2000), citing *Hillcrest Pacific Corp.  v Yamamura*, 727 So.2d 1053 (Fla. 4th DCA 1999).

The  logic  underpinning  this  rule  is  that  reliance  on  a  fraudulent  representation  is unreasonable as a matter of law where the alleged misrepresentation is inconsistent with the express terms of the ensuing written agreement.  *Taylor  Woodrow Homes Fla., Inc. v  4/46-A Corp.*, 850

So.2d 536, 542-43 (Fla. 5th DCA 2003); *Englezios v Batmasian*, 593 So.2d 1077 (Fla. 4th DCA 1992). *See also Linville v Ginn Real Estate Co., LLC,* 2010 WL 1063704 (M.D. Fla. 2010); *Barnes v Burger King Corp*. 932 F. Supp. 1420 (S.D. Fla. 1996).

Applying this rationale here, Old Jupiter and Barot's claimed reliance on the Bank's alleged pre-contract oral promise to provide a three year maturity date is unreasonable as a matter of law because the claimed oral term is directly inconsistent with the express written terms of the note and guaranty. Thus, to the extent the defendants' fraudulent inducement defense is premised on purported oral representations of the Bank made at or prior to the time of closing, this defense fails as a matter of law under application of Florida's parol evidence rule. The court shall enter summary judgment on this defense in favor of the Bank accordingly.

**2. Post-execution statements**

On the other hand, the parol evidence rule does not operate as a bar against admission of evidence of a subsequent, post-contract oral agreement that alters, modifies or changes the former existing agreement between the parties. *J. Lynn Construction Inc v The Fairways at Boca Golf & Tennis Condominium Association, Inc.*, 962 So.2d 928 (Fla. 4th DCA 2007)(trial court required to consider whether written contract was orally modified, where oral change to contract allegedly occurred over one month after contract's execution); *Schroeder v Manceri*, 893 So.2d 603 (Fla. 4th DCA)(requiring trial court to consider evidence that maker of promissory note agreed to oral extension of written note), *rev. den*., 909 So.2d 862 (Fla. 2005). *See also Pavolini v Williams*, 915 So.2d 251 (Fla. 5th DCA 2005)(parol evidence rule did not bar mortgagor from asserting affirmative defenses of estoppel/unclean hands/fraudulent inducement based on post execution course of dealing between the parties). Thus, evidence relating to a subsequent oral modification or course

6

of dealing may be admissible, even where the written contract contains a merger clause. *Linear Corp v Standard Hardware Co*, 423 So.2d 966 (Fla. 1st DCA 1982).

However, the defendants in this case have not property raised a question of subsequent oral modification of the loan documents. Neither Old Jupiter nor Barot properly asserted a subsequent oral modification of contract as an affirmative defense in their pleadings, and neither defendant raised this issue in defense of the pending summary judgment motion. Moreover, defendants do not adduce any facts in this proceeding which tend to support a finding of a subsequent new agreement or modification. Mr. Barot's testimony, corroborated by Mr. Glitzner, is simply the Bank promised to either extend the maturity date on the note or renew the loan when it became due. This falls far short of a new agreement supported by evidence of mutual assent and consideration.

This is effectively an allegation that the Bank always promised to "work things out" with the borrower – a gratuitous offer to alter the terms of contract, which standing alone, does not constitute evidence of an enforceable agreement supported by valid consideration. *See e.g. In re Sundale, Ltd.*, 2010 WL 4007588 (Bankr. S.D. Fla. 2010). Because the defendants failed to specifically plead or offer proof of a modification, the court will not liberally read the defendants' intertwined estoppel / unclean hands/ fraudulent inducement defenses to encompass the distinct affirmative defense of oral modification of contract. *See BSP/Port Orange LLC v Water Mill Properties, Inc.*, 969 So.2d 1077 (Fla. 5th DCA 2007)(failure to plead affirmative defense of modification precluded trial court from considering evidence of oral modification at summary judgment hearing), *rev. dismissed*, 975 So.2d 1134 (Fla. 2008); *F.M.W. Properties, Inc. v Peoples First Financial Savings and Loan Association,* 606 So.2d 372 (Fla. 1st DCA 1992)(failure to raise affirmative defense of oral modification of loan document in response to motion for summary

judgment precluded review of issue on appeal).[2] Summary judgment on the "post-execution" course of dealing portion of the defendants' fraudulent inducement defense shall accordingly enter in favor of the Bank

With elimination of the fraudulent inducement defense, the inquiry now turns to the borrower's remaining equitable defenses of estoppel and unclean hands. These defenses boil down to the common theory that the Bank made an oral promise to Mr. Barot that if he signed the note and the guaranty, the Bank would allow Old Jupiter additional time to satisfy the Bank's repayment requirements. The defendants argue that they reasonably relied on these oral promises for an extension of time when they executed the note, and that the Court should now hold the Bank to these statements under application of equitable estoppel theory or the doctrine of unclean hands. For reasons discussed below, the court concludes that neither of these equitable doctrines is available to the borrower or guarantor as a possible avoidance of the Bank's legal claims on the contract.

---

[2] The court recognizes its obligation under Fed. R. Civ. P. 8(e) to construe pleadings "so as to do justice." *See generally Reiter v Cooper* 507 U.S. 258, 113 S. Ct. 1213, 122 L. Ed.2d 604 (1993)(defendant's mistaken designation of counterclaims as defenses was not fatal; district court was required to treat pleading as if it had been properly designated where proper assertion will promote disposition of case on the merits and will not prejudice adverse parties). Thus, the defendants' failure to use the label "oral modification" – the applicable affirmative defense based on a post execution course of dealing between contracting parties – would not in itself be fatal had the defendants' answer sufficiently captured the elements of an oral modification of contract under Florida law to put the Bank on notice that they intended to rely on this defense. *See e.g. Clem v Corbeau*, 98 Fed. Appx. 197 (4th Cir. 2004), citing 5 Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure 1274 at 455-56 (2d ed. 1990).

However, defendants did not assert all essential elements of an oral modification in their answer or in their opposition papers in the summary judgment proceeding. Because the issue has not been framed within a pragmatically sufficient time, the court finds that the Bank would be prejudiced by the presentation of the defense at this late stage of the litigation.

## B. Equitable Estoppel Defense

First, an equitable estoppel defense, like that advanced by defendants here, does not apply when the terms of a written contract contravene the alleged oral promise. Estoppel rests on the premise that the party asserting the estoppel has acted in reliance upon prior inconsistent conduct of another. The essence of estoppel is that person should not be permitted to unfairly assert inconsistent position. *Pelican Island Prop Owners Ass'n, Inc. v Murphy,* 554 So.2d 1179 (Fla. 2d DCA 1989). As with a fraudulent inducement defense, a party asserting equitable estoppel must demonstrate justifiable reliance on the claimed prior inconsistent statement or conduct. This it cannot do where the alleged oral promises are "completely inconsistent and irreconcilable with the express terms of the parties' written agreement." *See Eclipse Medical, Inc. v American Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1349 (S.D. Fla. 1999)(under Florida law, it was patently unreasonable for distributors to rely on supplier's alleged oral promise that distributorship would be renewed annually ad infinitum as long as performance was adequate, where agreement specifically created only single renewal term based on performance), *aff'd,* 235 F.3d 1344 (11th Cir. 2000), and cases cited *infra.*

In this case, to sustain a defense of promissory estoppel, the borrower and guarantor must show that their alleged reliance on the Bank's alleged promise to extend the term for repayment was justified. As a matter of law, the defendants cannot claim that they justifiably relied on promises to extend the maturity date or to renew the loan when these statements are flatly inconsistent and irreconcilable with the express terms of the original note, and the express terms of the loan extension letter agreement which authorized only a three month extension of the maturity date. Moreover, there is no evidence of any conduct by the Bank which could arguably have misled the borrower or

guarantor into believing that the Bank did not intend to enforce the note and guaranty.

Thus, as a matter of law, the Bank cannot be estopped from enforcing the note or guaranty based on the allegations before this court. Summary judgment on the defendants' estoppel defenses shall accordingly enter in favor of the Bank. *See e.g. TLZ Properties v Kilburn-Young Asset Management Corp.,* 937 F. Supp. 1573, 1582 (M.D. Fla. 1996)(assignee not estopped from foreclosing on mortgage based on statements made during negotiations about possibility of assignee's accepting a deed in lieu of foreclosure; there could be no reasonable reliance on such statements as a matter of law by mortgagor in light of light of its receipt of earlier letter unequivocally rejecting the "deed in lieu" proposal), *aff'd,* 119 F.3d 10 (11th Cir. 1997).

### C. Unclean Hands Defense

The equitable doctrine of "unclean hands" applies when a party seeking equitable relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation. *Highmark, Inc. v UPMC Health Plan, Inc.,* 276 F.3d 160, 174 (3d Cir. 2001). To assert an unclean hands defense in this Circuit, a defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted, and, even if directly related, the defendant must also show that it was personally injured by the plaintiff's wrongful conduct. *Calloway v Partners National Health Plans,* 986 F.2d 446, 450-451 (11th Cir. 1993).

The unclean hands doctrine traditionally applies only to claims for equitable relief or in opposition to equitable defenses. *Mitchell Bros Film Group v Cinema Adult Theater*, 604 F.2d 852, 865 n. 26 (5th Cir. 1979). *Scheiber v Dolby Laboratories, Inc.,* , 293 F.3d 1014, 1022 (7th Cir. 2002). Where, as here, a plaintiff seeks to recover only damages, the unclean hands doctrine is not applicable. *McAdam v Dean Witter Reynolds, Inc.*, 896 F.2d 750, 756 n. 10 (3d Cir. 1990).

In this case, the Bank brings a claim for damages on its contract with the borrower and guarantor – a claim for purely legal relief.[3] Because the doctrine of unclean hands is inapplicable to such a legal claim, and the Bank's motion for summary judgment on the legal sufficiency of the unclean hands defense shall be granted. *See e.g. Kansas City Southern R. Co. v Pilgrim's Pride Corp.,* 2010 WL 1293340 (W.D. La. 2010)(doctrine of unclean hands held inapplicable to legal claim for contractual indemnification); *General Electric Corp. v BASF Corp.*, 2008 WL 4185870 (S. D. N. Y. 2008)(unclean hands is an equitable defense which is inapplicable to an action for damages at law); *DiGiulio v Robin*, 2003 WL 21018828 (S. D. N. Y. 2003)(same).

### D. Failure to Mitigate and Set-Off

The Bank argues that the defendants have the burden of proof in showing that the Bank failed to mitigate damages, or that a set off is applicable, and that the defendants have not provided any evidence or even argument in support of this defense. Because defendants identify no genuine issue of material fact as to either of these affirmative defenses, the Bank's motion for summary judgment upon each defense shall be granted.[4]

---

[3] Notably, the Bank apparently has not taken any action to foreclose on the real estate mortgage which it also took to secure the loan in question. Had it sought equitable relief of this nature, the doctrine of unclean hands would theoretically be available as a potential bar to its equitable claim. *See e.g. Wells Fargo Bank N.A. v Hughes*, 27 Misc.3d 628, 897 N.Y.S.2d 605 (N. Y. Sup. Jan. 13, 2010)(bank's bad faith conduct, in presenting mortgagor with a modification agreement that obstinately refused to revise terms of adjustable rate mortgage in accordance with sub-prime lending reform legislation constituted "unclean hands" which precluded equitable relief of foreclosure); *Matrix Financial Services Corp v Frazer*, ___ S. E. 2d ___, 2010 3219472 (S.C. Aug. 16, 2010)(mortgagee's unclean hands, in engaging in unauthorized practice of law, precluded equitable relief of foreclosure).

[4] In light of the court's disposition on the merits of the various asserted affirmative defenses, it is unnecessary to reach the Bank's alternative argument regarding the borrower's purported waiver of all affirmative defenses by virtue of the loan extension document.

## IV.  Conclusion

Based on the foregoing, it is   **ORDERED AND ADJUDGED:**

1.  The plaintiff's motion for summary judgment [DE# 9 ]is **GRANTED**

2.  The plaintiff's *ore tenus* motion to strike the affidavit of Douglas Gintzler is **DENIED**.

3  Final summary judgment in favor of the plaintiff pursuant to Rule 58 shall enter by separate order of the court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 13th day of December, 2010.

_____
Daniel T. K. Hurley
United States District Judge

cc. all counsel